829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GTCO CORPORATION, Plaintiff-Appellant,
v.
KONTRON ELEKTRONIK GMBH; Kontron Bildanalyse GmbH; Kontron
Registriertechnik GmbH, Defendant-Appellee.
 No. 86-1208.
 United States Court of Appeals, Fourth Circuit.
 Argued March 2, 1987.
Decided Sept. 21, 1987.
 
 David M. Dorsen (Sachs, Greenebaum & Tayler, on brief) for appellant.
 Theodore Sherbow (Michael P. Smith; Weinberg & Green, on brief), for Appellees.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and JOSEPH H. YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 GTCO Corporation brought suit for over $30 Million against Kontron Elektronik GmbH, Kontron Registriertechnik GmbH, and Kontron Bildanalyse GmbH (referred to collectively as Kontron), alleging that' Kontron misappropriated its trade secrets. After a nineteen day trial, the jury returned a verdict for GTCO and awarded it $100,000. Thereafter, the district judge granted Kontron's motion for a judgment notwithstanding the verdict, and GTCO brought this appeal.
 
 
 2
 We affirm.
 
 I.
 
 3
 Appellant GTCO is a Maryland corporation. Appellee Kontron is composed of three West German companies that are part of the Hoffman-LaRoche international conglomerate. Both GTCO and Kontron manufacture and market sophisticated electronic equipment, including a product called a digitizer.
 
 
 4
 The digitizer is an electronic device that converts computer language into eye-readable configurations. It measures the position of points on horizontal (x) and vertical (Y) axes and transforms the points into numbers that can be processed by a computer and used for calculating a variety of statistical measurements. Essentially, the digitizer consists of a tablet covered by a wire grid system, a pen-shaped stylus, and a controller unit containing analog and digital electronics.
 
 
 5
 In 1978, Kontron began negotiations with GTCO for the purchase of GTCO digitizers. Although they did not immediately formalize an agreement, the parties began work on a digitizer. Kontron was to develop the digital portion of the controller and software, and GTCO was to produce the stylus, tablet and analog portion of the controller. From September 25 through October 6, 1980, Kontron's personnel worked at GTCO on improving the performance of the stylus, controller and tablet, and Kontron sent a prototype of its digital board and software to GTCO. During this time, Kontron agreed to order on an Original Equipment manufacturer (OEM) basis $300,000 worth of styluses, tablets and analog boards from GTCO for incorporation into Kontron products.
 
 
 6
 Relations broke down, however, in 1981. Kontron complained of GTCO's late delivery of the analog boards and claimed that GTCO's digitizer was inaccurate and did not meet specifications. In April of 1982, Kontron stopped ordering components from GTCO and began development of its own digitizer.
 
 
 7
 GTCO filed suit, alleging that Kontron misappropriated GTCO's trade secrets in producing its own digitizer. Kontron argued that it developed its digitizer through independent means without using any confidential information obtained from GTCO, and it counterclaimed that GTCO breached their agreement by supplying faulty materials. The jury returned a verdict for GTCO in the amount of $100,000 and for Kontron in the amount of $1 on its counterclaim. The trial judge subsequently granted Kontron's motion for a judgment notwithstanding the verdict, and GTCO filed this appeal.
 
 II.
 
 8
 Apparently dissatisfied with the jury's nominal award, GTCO's first preference is for a new trial. To this end, it assigns error to two jury instructions. It argues that the trial court failed to give separate jury instructions on its breach of confidential relationship, breach of contract, and unfair competition claims. Because the trial judge determined that these claims all turned on a finding of Misappropriation of confidential information, he combined them into one instruction. GTCO also disputes the court's instruction that Kontron could escape liability by proving that it developed its digitizer by independent means. We disagree, and find no error in these instructions.
 
 
 9
 GTCO argues that it was engaged in a joint venture with Kontron, and that Kontron had a fiduciary duty not to compete With GTCO or to use any information, confidential or .not, obtained through the joint venture. GTCO, however, did not advance this theory at trial.
 
 
 10
 A joint venture exists under Maryland law "when two or more persons combine in a joint business enterprise for their mutual benefit with the understanding that they are to share in .profits or losses and that each is to have a voice in its management." Brenner v. Plitt, 182 Md. 348, 355, 34 A.2d 853, 857 (1943). GTCO failed to show that the parties intended to share profits or to share any management responsibility during their association. Rather than entering a joint venture, Kontron simply agreed to buy customized parts from GTCO for incorporation into a Kontron product. A confidential relationship may arise between a buyer and seller under these circumstances, but only if the seller discloses confidential information about its product to the buyer. Pachmayr Gun Works, Inc. v. Olin-Mathieson Corp., 502 F.2d 802, 807-08 (9th Cir. 1974). Similarly, under the facts of this case, appellant's breach of contract and unfair competition claims depend on a finding that Kontron misappropriated GTCO's secrets. It was thus proper to include the misappropriation of trade secrets as a common element of the three claims and to recognize that Kontron could use independent means in developing its own digitizer.
 
 III.
 
 11
 Failing to gain a new trial, appellant's second preference is to overturn the judgment notwithstanding the verdict and to reinstate the jury's verdict. it argues that substantial evidence supports the jury's finding that Kontron misappropriated confidential information. Because GTCO failed to identify its trade secrets or to prove that it intended to keep confidential any of the information exchanged with Kontron, we affirm the district court's grant of j.n.o.v.
 
 
 12
 The existence of a trade secret is a question of fact. The trial judge can reverse a jury verdict only when there is an absence of facts to support the jury's conclusion. LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1138 (4th Cir. 1986). According to GTCO, the record shows that it disclosed wide-ranging information about its product to Kontron. At trial, however, GTCO did not identify the specific information that it characterized as trade secrets. On appeal, GTCO lists various features of its digitizer as trade secrets, but again fails to explain the difference between this information and what Kontron engineers could discover by merely examining a GTCO digitizer. The record also shows that GTCO failed to make clear to Kontron what information was confidential, and that GTCO maintained few, if any, real safeguards for keeping the information secret. The trial court's statement in granting j.n.o.v. was thus indisputable: "in the final analysis, it was impossible to ascertain ... which of GTCO's alleged trade secrets 1) had been developed by GTCO itself, 2) had been kept confidential, and 3) were not evident from a visual examination of the product."
 
 IV.
 
 13
 GTCO's remaining claims on appeal are easily rejected. GTCO asserts that the district court erred in dismissing its claim for punitive damages and its claim under the RICO statute, 18 U.S.C. Secs. 1961-68. We disagree.
 
 
 14
 Under Maryland law, punitive damages are available in this situation only where the breaching party acted with actual malice. See H & R Block v. Testerman, 275 Md. 36, 47, 338 A.2d 48, 54 (1975). GTCO made no such showing and the claim for punitive damages was properly dismissed. We also affirm the dismissal of the RICO claim because GTCO failed to show, among other things, any fraudulent activity on the part of Kontron. Both contentions are insubstantial; neither presented an issue of triable fact. For the foregoing reasons, the judgment of the district court is
 
 
 15
 AFFIRMED.